Ryan D. Peterson, MN #0389607
*admitted pro hac vice*
CONSUMER JUSTICE LAW FIRM PLC
6600 France Ave, Suite 602
Edina, Minnesota 55435
E: rpeterson@consumerjustice.com
T: (651) 315-7656
F: (480) 613-7733

Michael Yancey III
Nevada Bar No: 16158
CONSUMER JUSTICE LAW FIRM PLC
2300 West Sahara Ave. Suite 800
Las Vegas, NV 89102
T: (480) 573-9272
F: (480) 613-7733
E: myancey@consumerjustice.com

*Attorneys for Plaintiff*
*Paris Najee Hairston*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

PARIS NAJEE HAIRSTON,

Plaintiff,

v.

CARCO Group, Inc. is a d/b/a of Cisive

Defendants.

Case No.: 2:26-cv-02313-APG-EJY

**JOINT ~~PROPOSED~~ DISCOVERY PLAN AND SCHEDULING ORDER**

**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)**

Plaintiff Paris Najee Hairston and Defendant CARCO Group, Inc. is a d/b/a of Cisive, by and through their counsel of record, hereby submit their stipulated Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 16 and 26 as well as LR 16-1 and 26-1.

1. **Discovery Plan**

| | |
|---|---|
| Discovery Cut-Off | **March 15, 2027** (181 days from the date Defendant's filed answer) |
| Deadline to Amend Pleadings | **December 15, 2026** (90 days prior to the close of discovery) |
| Deadline to Disclose Initial Expert Disclosures | **January 14, 2027** (60 days prior to the close of discovery) |
| Deadline to Disclose Rebuttal Expert Disclosures | **February 16, 2027** (31 days after Initial Disclosure of Experts) |
| Deadline to File Dispositive Motions | **April 14, 2027** (30 days after the close of discovery) |

2. **Pre-Trial Order:** The parties shall file a joint pretrial order no later than **May 14, 2027** or thirty (30) days after the date set for filing dispositive motions. In the event that parties file dispositive motions, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motions or further order of the Court.

3. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** Applications to extend any date set by the discovery plan, scheduling order, or other order must comply with the Local Rules.

4. **Initial Disclosures:** The parties agree that there should be no changes made in the timing, form, or requirement for disclosures under Rule 26(a). The deadline for the parties to exchange Initial Disclosures is **November 12, 2026.**

5. **Protective Order:** The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer and then submit a jointly proposed protective order to the Court.

The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the

court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

6. **Electronic Service:** The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
|---|---|
| Plaintiff Paris Najee Hairston | Ryan Peterson<br>rpeterson@consumerjustice.com<br>Michael Yancey<br>myancey@consumerjustice.com<br>Moises Masedman<br>mmasedman@consumerjustice.com |
| Defendant CARCO Group, Inc. is a d/b/a of Cisive | Joshua D. Howell<br>Joshua.Howell@troutman.com<br>Holly E. Cheong<br>Holly.Cheong@troutman.com<br>Destiny M. Boyd<br>Destiny.Boyd@troutman.com |

7. **Alternative Dispute Resolution Certification:** The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and early neutral evaluation. The parties have not reached any stipulations at this stage.

**8. Alternative Forms of Case Disposition Certification:** The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The parties have not reached any stipulations at this stage.

**9. Electronically Stored Evidence.** Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendant shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendant shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or Defendant determines, in good faith, that additional

information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or Defendant may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

**10. Electronic Evidence Conference Certification:** The parties further intend to present evidence in electronic format to jurors for the purposes of jury deliberations at trial. The parties discussed the presentation of evidence for juror deliberations but did not reach any stipulations as to the method at this early stage.

The parties will consult the court's website or contact the assigned judge's courtroom administrator for instructions about how to prepare evidence in an electronic format and

other requirements for the court's electronic jury evidence display system.

**11. Protection of Privileged/Trial Preparation Material:**

The parties will work in good faith to submit a stipulated protective order to the Court to protect certain confidential and/or trade secret information.

The parties are not seeking documents or information protected by privilege or otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws.

The parties agree that following service of any interrogatory response or document production from which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs.

Dated: November 9, 2026

**CONSUMER JUSTICE LAW FIRM PLC**

By: /s/ Ryan D. Peterson
Ryan D. Peterson, MN #0389607
*admitted pro hac vice*
6600 France Ave, Suite 602
Edina, Minnesota 55435
E: rpeterson@consumerjustice.com
T: (651) 315-7656
F: (480) 613-7733

Michael Yancey III, NV #16158
2300 West Sahara Ave. Suite 800
Las Vegas, NV 89102
E: myancey@consumerjustice.com
T: (480) 573-9272
F: (480) 613-7733

*Attorneys for Plaintiff,*
*Paris Najee Hairston*

**TROUTMAN PEPPER LOCKE LLP**

By: /s/ Joshua D. Howell
Joshua D. Howell, Esq.
(admitted pro hac vice)
1001 Haxall Point, Suite 1500
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1399
joshua.howell@troutman.com

Holly E. Cheong
Nevada Bar No. 11936
8985 S. Eastern Ave., Ste. 200
Las Vegas, NV 89123
Telephone: (213) 928-9800
Facsimile: (213) 928-9850
holly.cheong@troutman.com

*Attorneys for Defendant CARCO Group,*

**IT IS SO ORDERED this 9th day of November 2026.**

Elayna J. Youchah

Honorable Elayna J. Youchah
United States Magistrate Judge